1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ALFRED LEE GRAYSON,

11          Petitioner,                    2: 03 - cv - 1694 - MCE TJB

12      vs.

13   TOM L. CAREY,

14          Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16        Petitioner, Alfred Lee Grayson, is a state prisoner proceeding with a counseled[1] petition

17   for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is currently serving a sentence

18   of 26-years-to-life in prison after a jury convicted him of one count of murder in the first degree

19   and one count of assault with a deadly weapon, with a sentence enhancement for use of a

20   weapon.  On remand from the Ninth Circuit, Petitioner raises one claim for relief: The

21   introduction into evidence of hearsay statements made by the victim before she was killed

22   violated Petitioner's Confrontation Clause rights under the Sixth Amendment.  Specifically,

23   Petitioner asserts that the victim's statement to police three days prior to her death that Petitioner

24   had said to her that he "had to kill her because if he didn't he'd go back to jail for three years,"

25   _____

26        [1]     For most of these proceedings, Petitioner was proceeding *pro se*.  However, upon
     remand from the Ninth Circuit, this court appointed counsel on behalf of Petitioner.

1

1  admitted pursuant to a recently added statutory exception to the general bar on hearsay testimony,

2  did not bear the required indicia of reliability to meet the requirements of *Ohio v. Roberts*, 448

3  U.S. 56 (1980).   For the reasons stated herein, the federal habeas petition should be denied.

## I.  FACTUAL BACKGROUND[2]

Defendant and the victim had a volatile marriage. Over the 20 plus years of their relationship, arguments and physical altercations were common. The police had been called to their residence on many occasions and, at the time of this incident, defendant was on probation for threatening the victim with a knife.

June 1996 was marked by many arguments between defendant and the victim. On June 16, 1996, Father's Day, the couple quarreled because the victim wanted defendant to mow the lawn. When defendant received a telephone call from another woman, things came to a head, and an argument ensued. The victim grabbed a knife and, when defendant stood up, the victim ran out of the house. Defendant followed.

Defendant stabbed the victim several times. When the victim's son tried to intervene, defendant stabbed him as well. The victim ran away, but fell down. Defendant leaned over her and stabbed her repeatedly, killing her. The victim suffered 32 stab wounds to her body, including at least 14 wounds to major organs and defensive wounds on her legs and hands. There were several eyewitnesses to this savage attack, some of whom described seeing defendant go back into the house to get another knife after the victim grabbed the first knife away from defendant. Three knives were found at the scene.

At trial, defendant admitted killing his wife but asserted he acted without premeditation or malice, and instead had simply "lost it" as a result of the day's events. The prosecution introduced evidence that defendant had previously threatened to kill the victim, and emphasized inconsistencies between defendant's trial testimony and statements he had made to investigators.

21  / / /

22  / / /

23  / / /

---

25  [2]   The factual background is taken from the California Court of Appeal, Third Appellate District decision on direct appeal from September 2002 and filed in this Court by Respondent on January 21, 2004 as exhibit B to his Answer (hereinafter referred to as the "Slip Op.").

## II.  PROCEDURAL HISTORY

Judgment was entered against Petitioner in the Superior Court of Sacramento County, Case No. 96F04725, On September 3, 1999.  The California Court of Appeal, Third Appellate District, affirmed Petitioner's conviction and sentence on September 27, 2002.  The California Supreme Court denied review on December 11, 2002.

Thereafter, Petitioner, proceeding *pro se*, filed this federal petition for habeas corpus on August 12, 2003, in which he raised six claims for relief.  Respondent answered the petition on January 21, 2004, and Petitioner filed a Traverse on April 26, 2004.  The matter was referred to a United States Magistrate Judge, who recommended the petition be denied on all grounds.  Docket No. 20, filed August 10, 2006.  In ruling on Petitioner's Confrontation Clause claim, which Respondent had argued in his memorandum of points and authorities was procedurally barred, the court found as follows:

> Without argument, in conclusory fashion, respondent claims this "issue is not properly before this Court" because petitioner's objection to the evidence covered only its use in support of the false imprisonment charge and did not specifically rely on the Confrontation Clause.  As noted above, however, the state bears the burden of raising procedural default as a defense or it loses the right to assert the defense thereafter. *Bennett* [*v. Mueller*, 322 F.3d 573, 585 (9th Cir. 2003)].  The state's burden includes demonstrating that the procedural rule has been regularly and consistently applied.  *Id.* at 586.  In this case, respondent has made no effort to satisfy his burden on this issue.  Answer at 14-21.  There is no bar to this court's consideration of petitioner's Confrontation Clause claim.

*Id.* at 13-14.  Finding the claim was not procedurally barred, the court reached the merits.  Pursuant to *Bockting v. Bayer*, 399 F.3d 1010 (9th Cir. 2005) *overruled by Whorton v. Bockting*, 549 U.S. 406, 421 (2007), the court retroactively applied the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004), and concluded that Petitioner's confrontation rights had not been violated.  *Id.* at 14-19.

After reviewing objections by both Respondent and Petitioner to the Magistrate Judge's Findings and Recommendations, the district court adopted the Findings and Recommendations in full. Docket No. 22, filed September 11, 2006. The district court issued a Certificate of Appealability with regard to the Confrontation Clause claim, and Petitioner appealed the district court's decision to the Ninth Circuit Court of Appeal.

On August 13, 2008, the Ninth Circuit reversed and remanded, concluding that the district court did not correctly apply circuit precedent with regard to procedural default:

> The State maintains . . . that Grayson's claim is procedurally barred and that the district court erred in concluding otherwise. We agree with the State that the district court misapplied the burden shifting framework outlined in *Bennett v. Mueller*, 322 F.3d 573 (9th Cir. 2003). *Bennett* holds that after the state adequately pleads a procedural bar defense, the petitioner must assert that the procedural bar is inadequate. *Id.* at 586. The State then bears the ultimate burden of demonstrating that the state procedural rule is adequate. *Id.* Here, the district court erred in requiring the State to shoulder its ultimate burden before Grayson had "place[d] [the] defense in issue." *King v. LaMarque*, 464 F.3d 963, 967 (9th Cir. 2006).
>
> Although there is some question whether the State clearly raised a procedural bar defense, the district court treated the issue as having been raised in the State's responsive pleadings. Because the district court addressed the State's defense, we need not decide whether the State properly asserted a procedural bar defense when it raised the issue in its memorandum of points and authorities instead of its Answer. See Rules Governing Section 2254 Cases, Rule 5(b). However, because the district court misapplied *Bennett*, we vacate the judgment and remand to allow Grayson to meet his initial burden and the State to meet its ultimate burden.

Docket No. 39 [hereinafter Appellate Op.], at 3-4. The court also recognized that while the district court appropriately applied *Crawford v. Washington* retroactively to Petitioner's Confrontation Clause claim under then-existing circuit precedent, the Supreme Court had held in the interim that *Crawford* was not to be applied retroactively. *Bockting*, 549 U.S. at 421. As a result, the Ninth Circuit instructed that if this court reaches the merits of Petitioner's Confrontation Clause claim, it is to apply *Ohio v. Roberts*, 448 U.S. 56 (1980), the law at the time of the state court's decision.

4

1    After the case was remanded to the district court, the court appointed counsel to act on

2    behalf of Petitioner.  Docket No. 44 (Order Appointing Counsel).  The parties have provided

3    additional briefing on the issues remanded by the Ninth Circuit, and the case is ready for

4    decision.

5                    III.  APPLICABLE LAW FOR FEDERAL HABEAS CORPUS

6    An application for writ of habeas corpus by a person in custody under judgment of a state

7    court can only be granted for violations of the Constitution or laws of the United States.  *See* 28

8    U.S.C. § 2254(a); *see also Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir. 1993); *Middleton v.*

9    *Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982)).

10   Petitioner filed this petition for writ of habeas corpus after April 24, 1996, thus the Antiterrorism

11   and Effective Death Penalty Act of 1996 ("AEDPA") applies.  *See Lindh v. Murphy*, 521 U.S.

12   320, 326 (1997).  Under AEDPA, federal habeas corpus relief is not available for any claim

13   decided on the merits in the state court proceedings unless the state court's adjudication of the

14   claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of,

15   clearly established federal law, as determined by the Supreme Court of the United States; or (2)

16   resulted in a decision that was based on an unreasonable determination of the facts in light of the

17   evidence presented in state court.  *See* 28 U.S.C. § 2254(d); *Perry v. Johnson*, 532 U.S. 782, 792-

18   93 (2001); *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000).

19   In applying AEDPA's standards, the federal court must "identify the state court decision

20   that is appropriate for our review."  *Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005).

21   "The relevant state court determination for purposes of AEDPA review is the last reasoned state

22   court decision."  *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008) (citations omitted).

23   "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained

24   orders upholding that judgment or rejecting same claim rest upon the same ground."  *Ylst v.*

25   *Nunnemaker*, 501 U.S. 797, 803 (1991).  To the extent no such reasoned opinion exists, courts

26   must conduct an independent review of the record to determine whether the state court clearly

5

1  erred in its application of controlling federal law, and whether the state court's decision was

2  objectively unreasonable.  *Delgado v. Lewis*, 223 F.3d 976, 981-82 (9th Cir. 2000). "The

3  question under AEDPA is not whether a federal court believes the state court's determination

4  was incorrect but whether that determination was unreasonable—a substantially higher

5  threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams*, 529 U.S. at 410).

6  "When it is clear, however, that the state court has not decided an issue, we review that question

7  *de novo*." *Reynoso v.Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006) (citing *Rompilla v. Beard*,

8  545 U.S. 374, 377 (2005)).

9                    IV.  ANALYSIS OF PETITIONER'S CLAIM

10          Petitioner contends that a statement made by the victim to a police officer three days

11  before her death that Petitioner had said to her he "had to kill her because if he didn't he'd go

12  back to jail for three years" was admitted in violation of his Sixth Amendment right to confront

13  the witnesses against him.  Respondent maintains that this claim is procedurally barred or, in the

14  alternative, that it should be denied on the merits.

15          1.  Factual and Procedural Background Regarding the Statement

16          Petitioner and the victim, his wife,[3] had a contentious relationship that lasted over twenty

17  years.  Rep.'s Tr. at 198.  During this time, they often fought and threatened each other.  *Id.*

18  Their daughter testified at trial that she "knew they fought . . . every single day." *Id.* at 196.

19  They were also not entirely faithful in their marriage.  The victim's youngest of four children,

20  Ricky, was fathered by someone other than Petitioner.  Petitioner often threatened to kill the

21  victim, saying "he would kill her before he would let her be with another man." *Id.* at 197.

22          Three days prior to the victim's death, she called police.  Officer Smith was dispatched to

23  the call.  According to Smith's trial testimony, the victim told Smith that Petitioner had "beat her

24  up and he had threatened to kill her because he didn't want to go back to jail." *Id.* at 262.  The

25  _____

26      [3]      The victim had previously divorced Petitioner, though he was unaware and
believed they were still married.  Rep.'s Tr. at 195.

victim told Smith that Petitioner "choked her [and] threw her to the ground." *Id.* at 263.  When she escaped and ran outside, Petitioner chased her, brought her back inside, and threw her down on the floor again.  *Id.*  The victim escaped again, ran to a nearby school, and called the police. She told Smith that Petitioner said "he had to kill her because if he didn't he'd go back to jail for three years." *Id.* at 264.  The victim and Petitioner were under the mistaken belief that because of Petitioner's probation status from a previous domestic abuse charge that if the victim reported him to the police he would be forced to spend three years in jail.  *See id.* at 51.

At trial, Petitioner was charged with, *inter alia*, false imprisonment, Cal. Penal Code § 236, and murder in the first degree, Cal. Penal Code. § 187.  The false imprisonment charge was based on the events three days prior to the victim's death.  During argument of pretrial motions, Petitioner's counsel moved to exclude the victim's statement[4] that Petitioner had told her he had to kill her or he would go to jail for three years.

> If it please the Court, I have an issue regarding the charge number three, that is violation of Penal Code section 236.
>
> The prosecution is going to seek to introduce pursuant to 1370 of the Evidence Code a statement by the victim . . . through Detective Smith.  While I don't particularly like the statements coming in – they are hearsay.  I don't have a chance to cross-examine it, I would object on that basis – it's my thinking that perhaps 1370 would be controlling.

*Id.* at 39.

> 236, of course, requires that a violation of a personal freedom or personal liberty – I believe the expression the code uses that her personal liberty was willfully and unlawfully violated, being effected by violence, menace, fraud, or deceit.
>
> I suggest to the Court that that does not cover those statements . . . allegedly made by my client to the deceased victim, that they are improper, they're irrelevant, they're subject to 352 [i.e. they are prejudicial]. . . .  I'm asking the Court for an order that when

---

[4]       The precise statement Petitioner moved to exclude was the victim's statement as recorded in Officer Smith's report: "I got to kill you, I got to kill you or I'll do three years."  This varies slightly from Officer Smith's testimony at trial that the victim said Petitioner told her "he had to kill her because if he didn't he'd go back to jail for three years."

> Officer Smith testifies that he does not – that he not be allowed to testify as to those statements. . . .

*Id.* at 41.  Counsel continued to assert that the statement was both irrelevant and highly prejudicial.  Counsel never directly mentioned the possibility that admitting the statement would violate the Confrontation Clause or any other constitutional provision.  The statutory exception the prosecution used to admit the otherwise inadmissible hearsay statement, Evidence Code section 1370,[5] explicitly requires that the statement be trustworthy.  Cal. Evid. Code §

---

[5] California Evidence Code section 1370 provides:

(a) Evidence of a statement by a declarant is not made inadmissible by the hearsay rule if all of the following conditions are met:

(1) The statement purports to narrate, describe, or explain the infliction or threat of physical injury upon the declarant.

(2) The declarant is unavailable as a witness pursuant to Section 240.

(3) The statement was made at or near the time of the infliction or threat of physical injury. Evidence of statements made more than five years before the filing of the current action or proceeding shall be inadmissible under this section.

(4) The statement was made under circumstances that would indicate its trustworthiness.

(5) The statement was made in writing, was electronically recorded, or made to a physician, nurse, paramedic, or to a law enforcement official.

(b) For purposes of paragraph (4) of subdivision (a), circumstances relevant to the issue of trustworthiness include, but are not limited to, the following:

(1) Whether the statement was made in contemplation of pending or anticipated litigation in which the declarant was interested.

(2) Whether the declarant has a bias or motive for fabricating the statement, and the extent of any bias or motive.

(3) Whether the statement is corroborated by evidence other than statements that are admissible only pursuant to this section.

(c) A statement is admissible pursuant to this section only if the

1370(a)(4).  Petitioner's counsel made no argument before the trial court that the statement was

not trustworthy or reliable, but argued that it was irrelevant and highly prejudicial.

At the end of argument as to whether the statement was admissible with regard to the

false imprisonment charge, the trial court asked the prosecutor whether "there's an independent

basis to bring [the statement] in as it may relate to [Petitioner's] state of mind three days later

[i.e., the day of the homicide], or his purpose three days later?"  *Id.* at 50.  The prosecutor agreed

that the statement was relevant to the murder charge, and Petitioner's counsel did not object to

this contention or ask for a limiting instruction.  *Id.*  The court determined the statement was

admissible, and Officer Smith testified to that effect on the stand in front of the jury.  *Id.* at 264.

### 2.  Procedural Default

#### a.  The California Court of Appeal Clearly and Expressly Stated that its Judgment Rested on a State Procedural Bar

As an initial matter, Petitioner contends that the state appellate court did not make a clear

and express statement that its decision was based on waiver and, therefore, the decision was not

directly based on procedural default.  In ruling on Petitioner's Confrontation Clause claim, the

California Court of Appeal stated as follows:

> On appeal, defendant contends the court should have excluded this threat. He asserts its admission violated the confrontation clause of the state and federal Constitutions. He also challenges the reliability of the victim's statements.
>
> Defendant's claims have been waived. Initially, we note that defendant's objections arose in a limited context, namely, the relationship of the threats to the false imprisonment charge. However, defendant was in fact acquitted of that charge, and consequently any claim of error is moot. Defendant's failure to object specifically to the admissibility of the statement as it related to the murder charge waives the matter on appeal. (*See People v.*

proponent of the statement makes known to the adverse party the intention to offer the statement and the particulars of the statement sufficiently in advance of the proceedings in order to provide the adverse party with a fair opportunity to prepare to meet the statement.

*Waidla* (2000) 22 Cal.4th 690, 726, fn. 8, 94 Cal.Rptr.2d 396, 996 P.2d 46.)

Moreover, although defendant asserted that Evidence Code section 1370 did not permit him to cross-examine the declarant, he did not object on the basis that this statute violated the confrontation clause. Under similar circumstances, the California Supreme Court found an objection based on an inability to cross-examine insufficiently specific to preserve appellate review of the constitutional claims. (*People v. Waidla, supra*, 22 Cal.4th at p. 726, fn. 8, 94 Cal.Rptr.2d 396, 996 P.2d 46.)

Even if we set aside the issue of waiver, defendant's assertion is unavailing. In *People v. Hernandez* (1999) 71 Cal.App.4th 417, 424, 83 Cal.Rptr.2d 747, the appellate court concluded that Evidence Code section 1370 "is similar to the hearsay exception for spontaneous statements, which is firmly rooted," and "contains particular guarantees of trustworthiness and adequate indicia of reliability...." Consequently, the court concluded, this statute does not violate the confrontation clause. (*People v. Hernandez, supra*, at p. 424, 83 Cal.Rptr.2d 747.) For the same reasons, we agree.

Defendant asserts that indicia of reliability were absent here, because the victim had a motive to make misrepresentations to Officer Smith and was angry at the time she made her report. Again, however, defendant did not raise this claim in the trial court. He is therefore precluded from doing so here. (*People v. Hernandez, supra*, 71 Cal.App.4th at pp. 424-425, 83 Cal.Rptr.2d 747.)

Slip Op. at *3.

In *Harris v. Reed*, 489 U.S. 255, 265 (1989), the Supreme Court held that the "plain statement" rule of *Michigan v. Long*, 463 U.S. 1032 (1983), applies on collateral review.  Thus, "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."  *Harris*, 489 U.S. at 263 (citations omitted). This, however, does not prevent a state court from considering the merits of the federal claim in the alternative: "a state court need not fear reaching the merits of a federal claim in an *alternative* holding.  By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law."  *Id.* at 264 n. 10 (emphasis in original) (citations

10

omitted); *see also Coleman v. Thompson*, 501 U.S. 722 (1991); *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003) ("A state court's application of a procedural rule is not undermined where . . . the state court simultaneously rejects the merits of the claim." (citations omitted)).

Petitioner cites *Thomas v. Hubbard*, 273 F.3d 1164, 1176 (9th Cir. 2001),[6] and *Panther v. Hames*, 991 F.2d 576, 580 (9th Cir. 1993), for the proposition that the procedural bar was not clearly and expressly stated. Neither of those cases is applicable to the set of facts present in this case. In *Thomas*, the court did not apply a procedural bar because they found the state appellate court's opinion "left the resolution of the procedural default issue uncertain rather than making a clear and express statement that its decision was based on a procedural default." *Thomas*, 991 F.2d at 1176. In *Panther*, the court reached the merits of the petitioner's claims because it found that the state appellate court "overlook[ed] the procedural default and consider[ed] the objection on the merits." 991 F.2d at 580. Thus, in neither of those cases did the state appellate court make a clear ruling on procedural default. In the present case, the California Court of Appeal clearly and unambiguously determined that Petitioner's "claims had been waived." Slip Op. at *3.

The present case most closely resembles *Thomas v. Lewis*, 945 F.2d 1119 (9th Cir. 1991).

> In its decision memorandum, the appeals court unequivocally held that [petitioner's] failure to raise his claims on direct appeal and in the first petition for post-conviction relief constituted waiver of those claims. After finding that petitioner had waived "all the issues" and discussing preclusion under Arizona law, the court discussed the merits of [petitioner's] claims. Significantly, the court prefaced its discussion of the merits by stating that "[e]ven if [petitioner's] claims were not waived, relief would be denied."

*Id.* at 1123. The court went on to conclude that the petitioner's claim was procedurally barred. As in *Lewis*, here the California Court of Appeal unambiguously determined that Petitioner's claim was procedurally barred. The court did, however, go on to reach the merits of Petitioner's

---

[6] *Overruled on other grounds by Payton v. Woodford*, 299 F.3d 815 (2002).

11

1 claim after stating "[e]ven if we set aside the issue of waiver, defendant's assertion is

2 unavailing." Slip Op. at *3. This indicates the Court of Appeal was not, in fact, setting aside the

3 issue of waiver and that the determination regarding federal law was in the alternative to the

4 finding of procedural bar. As such, the Court of Appeal did clearly and expressly state that its

5 judgment rested on a state procedural bar. So long as that procedural bar is an "adequate and

6 independent state law basis on which the state court can deny relief," Petitioner's claim is

7 procedurally barred.

8                        b.  Burden of Proof

9         Procedural default is an affirmative defense, and the state has the burden of showing that

10 the default constitutes an adequate and independent ground. *Insyxiengmay v. Morgan*, 403 F.3d

11 657, 665-66 (9th Cir. 2005); *Bennett*, 322 F.3d at 585-86. Once the state has adequately pled the

12 existence of an independent and adequate state procedural ground as an affirmative defense, the

13 burden to place that defense in issue shifts to the petitioner. *Bennett*, 322 F.3d at 585-86. "The

14 petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the

15 inadequacy of the state procedure, including citation to authority demonstrating inconsistent

16 application of the rule." *Id.* at 585. If the petitioner meets his burden, the ultimate burden to

17 prove adequacy goes back to the state. *Id.* Thus, "it is the law of this circuit that the ultimate

18 burden is on the state, not the petitioner, to show that a procedural state bar was clear,

19 consistently applied, and well-established at the time the party contesting its use failed to comply

20 with the rule in question." *Insyxiengmay*, 403 F.3d at 666. Even if the state rule is independent

21 and adequate, the claims may be heard if the petitioner can show: (1) cause for the default and

22 actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider

23 the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 749-50.

24         In the present case, Respondent adequately pled the existence of an independent and

25 adequate procedural bar when he asserted, in his papers in support of his Answer, that the claim

26 was procedurally barred. Thereafter, upon remand from the Ninth Circuit, Petitioner filed a

1    "Notice of Placing Procedural Bar at Issue" in which he contends: that his objection was

2    sufficient under existing California law to preserve the issue for appeal; that the

3    contemporaneous objection rule is not clear, consistently applied, and well established where the

4    defendant does make an objection, but the objection is not specific to the issue on appeal; and,

5    that even if no objection was made, it was not required under California law because any

6    objection would have been futile.  Thus, the ultimate burden now rests on Respondent to show

7    that the procedural state bar was clear, consistently applied, and well-established at the time of

8    Petitioner's trial.

9            c. The Objection Was Not Specific Enough To Maintain the Confrontation Clause
             Issue for Appeal Under Then-existing California Law Which is Clear,
10           Consistently Applied, and Well-established

11           Assuming Petitioner's objection did relate to the murder charge,[7] it was insufficient to put

12   the court or  government on notice that it was based on the Confrontation Clause.  Petitioner

13   twice objected that he could not "cross-examine" the witness, though the thrust of his argument

14   centered around the relevancy of the statement and the prejudicial nature of the statement (under

15   Cal. Evid. Code § 352, similar to Fed. R. Evid. 403).  At no time did he reference the

16   Confrontation Clause.  Indeed, Petitioner never mentioned any aspect of the federal charter when

17   challenging the use of the statement.

18           The specificity requirement of California's contemporaneous objection rule has a long

19   history, and has been applied regularly and consistently.  *See, e.g.*, *Bundy v. Sierra Lumber Co.*,

20   149 Cal. 772, 87 P. 622 (1906); *People v. Morris*, 53 Cal. 3d 152, 195-96, 807 P.2d 949 (1991),

21   *overruled in part on other grounds by People v. Stansbury*, 9 Cal. 4th 824, 830 n. 1, 889 P.2d

22   588 (1995) ("defendant failed to advance in the trial court the specific ground for exclusion he

23

24           [7]      Respondent urges to the contrary, arguing that because Petitioner's counsel raised
     no objection to the statement being used with regard to the murder charge after the trial court
25   suggested it may also be used for that purpose his objection only applied to the false imprison-
     ment charge for which Petitioner was acquitted.  Because the ultimate conclusion would be the
26   same, it is assumed that the objection applied to the use of the statement for any purpose.

now urges"); *People v. Coleman*, 46 Cal. 3d 749, 776-77, 759 P.2d 1260 (1988).  In California, it is "the general rule that questions relating to the admissibility of evidence will not be reviewed on appeal in the absence of a specific and timely objection in the trial court on the ground sought to be urged on appeal."  *People v. Rodgers*, 21 Cal. 3d 541, 547-48, 579 P.2d 1048 (1978) (citing *People v. Welch*, 8 Cal. 3d 106, 114-15, 501 P.2d 225 (1972); *People v. De Santiago*, 71 Cal. 2d 18, 22, 453 P.2d 353 (1969)) (other citations omitted).  "The rationale for this rule is clear; a contrary rule would deprive the party offering the evidence of any opportunity to cure the defect at trial and would permit the nonobjecting party to gamble that the error will provide grounds for reversal of the matter."  *Coleman*, 46 Cal. 3d at 777 (citing *Rodgers*, 21 Cal. 3d at 547-48 (which, in turn, quotes *Coy v. Superior Court*, 51 Cal. 2d 471, 473, 334 P.2d 569 (1959))); *see Bundy*, 149 Cal. at 776 ("Trial judges are not supposed to have the numerous, varied, and complex rules governing the admissibility of evidence so completely in mind and of such ready application that under [a general] objection to a question they can apply with legal accuracy some particular principle of law which the objection does not specifically present.").  The requirement that the objection must be specific has been consistently applied for decades in criminal trials. *See, e.g.*, *People v. Wignall*, 125 Cal. App. 465, 474, 13 P.2d 995 (1932); *People v. Modell*, 143 Cal. App. 2d 724, 730, 300 P.2d 204 (1956); *People v. Gamble*, 8 Cal. App. 3d 142, 149, 87 Cal. Rptr. 333 (1970); *People v. Stuller*, 10 Cal. App. 3d 582, 599, 89 Cal. Rptr. 158 (1970); *People v. Castaneda*, 52 Cal. App.3d 334, 339, 125 Cal. Rptr. 9 (1975).

In the present case, Petitioner urges that the specificity rule as it applied to the Confrontation Clause was not clear at the time of his trial and that the Court of Appeal's reliance on *People v. Waidla*, 22 Cal.4th 690, 996 P.2d 46 (2000), which was decided after his trial had occurred, was improper as it could not have informed his counsel of the need to be more specific regarding the Confrontation Clause issue.  Respondent agrees that the Court of Appeal's reliance on *Waidla* was improper, but argues that under California law existing at the time of Petitioner's trial, Petitioner's objection was still insufficient.

1        Prior to Petitioner's trial in 1999, the California Supreme Court decided *People v.*

2  *Alvarez*, 14 Cal. 4th 155, 926 P.2d 365 (1996), which confronted the issue of whether a hearsay

3  related objection preserved a Confrontation Clause claim for appeal.  Similar to the present case,

4  Alvarez moved the Superior Court, *in limine*, to preclude the use of statements made by the

5  victim before the victim died on the ground they were inadmissible hearsay.  *Id.* at 185.  In

6  concluding Alvarez's Confrontation Clause claim was barred on appeal, the California Supreme

7  Court stated:

8          Unlike below, here defendant does not argue that the evidence in
        question was inadmissible hearsay. Indeed, he all but concedes that

9          it came within the exception for spontaneous declarations.
        Unsurprisingly so.

10

11         Instead, defendant argues that the evidence in question was barred
        by the confrontation clause of the Sixth Amendment to the United
        States Constitution.

12

13         Defendant has not preserved his claim for review. "It is, of course,
        'the general rule'"–to which we find no exception here–"'that

14         questions relating to the admissibility of evidence will not be
        reviewed on appeal in the absence of a specific and timely
        objection in the trial court on the ground sought to be urged on

15         appeal.'" (*People v. Benson* (1990) 52 Cal.3d 754, 786, fn. 7 [276
        Cal.Rptr. 827, 802 P.2d 330], *quoting People v. Rogers* (1978) 21

16         Cal.3d 542, 548 [146 Cal.Rptr. 732, 579 P.2d 1048].) There was
        neither a "specific" nor "timely" objection below predicated on the

17         Sixth Amendment's confrontation clause. True, there was a bare
        reference to the "confrontation rule" (capitalization deleted) in

18         moving papers submitted by defendant. But that was all. And that
        was not enough.

19

20 *Id.* at 186 (footnote omitted).  Thus, Petitioner was on notice that to preserve a Confrontation

21 Clause claim for appellate—and therefore collateral—review, he must clearly predicate his

22 objection in the trial court on Confrontation Clause grounds.  Mere reference to hearsay or cross-

23 examination would not be sufficient to maintain the claim for appeal.  Respondent has met his

24 burden of showing that the specificity requirement of the contemporaneous objection rule is

25 clear, consistently applied, and well-established in California.  Here, it is clear that Petitioner's

26 objection did not serve the purposes of the specific contemporaneous objection rule—to allow

the trial court to make an initial ruling on the claim and the opposing party to cure any defect.

Neither the trial court nor the government considered Petitioner's objection to be based on the

federal Constitution, and the court's analysis of Petitioner's motion rested squarely on the

application of state evidentiary law.  *See* Rep.'s Tr. at 62.  As such, Petitioner failed to satisfy

California's procedural rules and his claim is barred from consideration in this court, unless an

exception to the contemporaneous objection rule exists.

### d.  Futility of Objection

Petitioner argues that such an exception exists in that any objection to the admissibility of

the victim's statements on Confrontation Clause grounds would have been futile.  "An objection

in the trial court is not required if it would have been futile."  *People v. Sandoval*, 41 Cal. 4th

825, 837 n. 4, 161 P.3d 1146 (2007) (citing *People v. Welch*, 5 Cal. 4th 228, 237-38, 851 P.2d

802 (1993)).  Petitioner argues that an objection on Confrontation Clause grounds would have

been futile because either the trial judge had already overruled a similar objection or because any

objection would have necessarily been overruled because the trial court was bound by the

California Court of Appeal's decision in *People v. Hernandez*, 71 Cal. App. 4th 417, 83 Cal.

Rptr. 2d 747 (1999), which concluded the hearsay exception used in this case, California

Evidence Code section 1370, did not violate the Confrontation Clause.[8]

Petitioner's first contention is without merit.  As has previously been concluded,

Petitioner's trial objection was insufficient to raise a Confrontation Clause claim so the trial court

had not previously considered Petitioner's objection and already overruled it.  Furthermore, while

Petitioner objected to the admission of the statement under section 1370 because it was

irrelevant, prejudicial, and the declarant was not subject to cross-examination, he never objected

on the ground that the statement did not bear the indicia of reliability required by both section

---

[8]    While California's Court of Appeals are divided into many districts covering separate geographical areas, a decision by any district is binding on trial courts throughout the state. *Auto Equity Sales, Inc. v. Superior Court*, 57 Cal. 2d 450, 455, 369 P.2d 937 (1962); *see In re Jenkins*, 50 Cal. 4th 1167, 1180, 240 P.3d 260 (2010).

1  1370 and the Confrontation Clause.  If he had challenged the admission of the statement under

2  1370 because it was unreliable, and was overruled, this would likely make a later Confrontation

3  Clause claim futile as the same analysis regarding reliability would be made again by the court,

4  reaching the same outcome.  Petitioner's specific objections to the admissibility of the statement

5  as being irrelevant and prejudicial, which were overruled by the trial court, did not mean that any

6  Confrontation Clause claim objection on reliability grounds would have been futile.

7       Petitioner's second contention requires a close reading of *People v. Hernandez*, *supra.*

8  Respondent maintains that *Hernandez* was a fact-based inquiry and did not hold that Evidence

9  Code section 1370 did not violate the Confrontation Clause under all circumstances, thus

10  requiring Petitioner to object at trial.  Petitioner, on the other hand, argues that the *Hernandez*

11  decision concluded that admission of evidence under section 1370 would not violate the

12  Confrontation Clause under any circumstances, making any objection futile.  In *Hernandez*, the

13  California Court of Appeal stated, in part, as follows:

14       Next, Hernandez reiterates the argument he made below, that
         Evidence Code section 1370 violates the confrontation clause
15       because the statements are admitted without the opportunity for
         cross-examination of the declarant. However, he admits that with a
16       particularized guaranty of trustworthiness or adequate indicia of
         reliability, such statements may be admitted without violating the
17       confrontation clause. (*Ohio v. Roberts* (1980) 448 U.S. 56, 66 [100
         S.Ct. 2531, 2539, 65 L.Ed.2d 597].) Alternatively, statements
18       admitted under a firmly rooted exception to the hearsay rule do not
         violate the confrontation clause. (*Idaho v. Wright* (1990) 497 U.S.
19       805, 816, 818 [110 S.Ct. 3139, 3147, 3148, 111 L.Ed.2d 638].)

20       The People correctly assert that Evidence Code section 1370 is
         similar to the hearsay exception for spontaneous statements, FN4
21       which is firmly rooted. (*See, e.g.*, *People v. Sully* (1991) 53 Cal.3d
         1195 [283 Cal.Rptr. 144, 812 P.2d 163]; *People v. Gallego* (1990)
22       52 Cal.3d 115 [276 Cal.Rptr. 679, 802 P.2d 169]; *People v.
         Farmer* (1989) 47 Cal.3d 888 [254 Cal.Rptr. 508, 765 P.2d 940].)

23
24       FN4 That exception is governed by Evidence Code
         section 1240, which provides: "Evidence of a
25       statement is not made inadmissible by the hearsay
         rule if the statement: [¶] (a) Purports to narrate,
26       describe, or explain an act, condition, or event
         perceived by the declarant; and [¶] (b) Was made

17

spontaneously while the declarant was under the
stress of excitement caused by such perception."

Additionally, Evidence Code section 1370 contains particularized
guarantees of trustworthiness and adequate indicia of reliability by
requiring the statement to be made (1) at or near the time of the
incident (similar to a spontaneous declaration) by a person who
experienced the incident, firsthand, (2) under circumstances
indicating its trustworthiness, including FN5 whether it had been
made in contemplation of litigation, whether the declarant had a
bias or motive to fabricate and whether it is corroborated by other
evidence not admissible under Evidence Code section 1370 and (3)
to have been recorded in writing or electronically, or to have been
made to a police officer (who normally makes a written report of
such statements). FN6 (*See People v. Gallego*, *supra*, 52 Cal.3d at
pp. 176-177.) While we agree with Hernandez that, under *Idaho v.
Wright*, *supra,* 497 U.S. 805, corroboration by other evidence is
not a legitimate component of trustworthiness, its presence in
Evidence Code section 1370 does not render the statute
unconstitutional because the section still requires the essential
indicia of trustworthiness and it suggests other legitimate factors
which may establish that. *Absent a case where the trial court relied
heavily upon the presence of corroborating evidence in making its
determination that the statement bears indicia of reliability, the
confrontation clause would not be violated.* Therefore, we cannot
agree with Hernandez that Evidence Code section 1370 violates the
confrontation clause.

FN5 The statute provides: "For purposes of [the
requirement that the statement was made under
circumstances that would indicate its
trustworthiness] ... circumstances relevant to the
issue of trustworthiness include, but are not limited
to, the following: [¶] (1) Whether the statement was
made in contemplation of pending or anticipated
litigation in which the declarant was interested. [¶]
(2) Whether the declarant has a bias or motive for
fabricating the statement, and the extent of any bias
or motive. [¶] (3) Whether the statement is
corroborated by evidence other than statements that
are admissible only pursuant to this section." (Evid.
Code, § 1370, subd. (b).)

FN6 It cannot be ignored that a police officer is
generally a neutral and detached party and that
making a false report to an officer is a violation of
the law.

Finally, Hernandez contends that even if Evidence Code section
1370 is constitutional, the trial court here abused its discretion in
admitting the statements because they did not bear sufficient

1          indicia of reliability. . . .

2 *Id.* at 423-25 (emphasis added).

3        Thereafter, the court went on to address a separate claim by the appellant that the

4 evidence should not have been admitted under section 1370 because it did not bear sufficient

5 indicia of reliability.  The appellant asserted that even if evidence admitted under 1370 does not

6 violate the Confrontation Clause, in his case the statement was particularly unreliable.  The Court

7 of Appeal concluded that the appellant's claim was procedurally barred because he did not object

8 to the statements in the trial court on the ground that they were unreliable.  *Id.* at 424-25.

9        California courts have applied the futility exception where a single Court of Appeal

10 opinion shows that any objection would lack merit and there are no conflicting appellate court

11 decisions.  *See, e.g.*, *People v. Severance*, 138 Cal. App. 4th 305, 314, 41 Cal. Rptr. 3d 397

12 (2006) (finding an objection futile where only one California District Court of Appeal had

13 addressed the issue and concluded the objection lacked  merit).  In *Hernandez*, 71 Cal. App. 4th

14 at 424, the California Court of Appeal concluded that "[a]bsent a case where the trial court relied

15 heavily upon the presence of corroborating evidence in making its determination that the

16 statement bears indicia of reliability, the confrontation clause would not be violated."  In the

17 present case, the trial court did not heavily rely on corroborating evidence in making its

18 determination that the victim's statements were admissible under Evidence Code section 1370.

19 Indeed, Petitioner did not challenge the reliability of the statement in any way.  As such, any

20 objection on Confrontation Clause grounds would have been futile under California law to the

21 extent that it argued a statement which was found to be reliable under section 1370 violated the

22 Confrontation Clause.  Petitioner's Confrontation Clause claim is not procedurally barred, so

23 much as Petitioner makes a facial challenge to the admissibility of statements admitted under

24 section 1370.

25 / / /

26 / / /

1    However, to the extent that Petitioner now seeks to challenge the reliability of the

2    victim's statement, an as applied challenge, he is procedurally barred.  While *Hernandez* held

3    that evidence *properly* admitted under section 1370 would not violate the Confrontation Clause,

4    it held so only so long as the statement beared the indicia of reliability required by section 1370.

5    Because section 1370 and the Confrontation Clause, at least at the time, were substantially

6    similar in requiring the statements to bear indicia of reliability, the failure of Petitioner to object

7    to the admissibility of the statement on the ground that the statement was unreliable at trial

8    precludes him from now arguing that the statement was unreliable in seeking collateral relief

9    from this court.  Any objection on this ground would not have been futile as the decision in

10   *Hernandez* presupposes that the statement is found to be reliable under section 1370.

11          3.  The Merits of Petitioner's Confrontation Clause Claim Under *Ohio v. Roberts*

12          Upon remand from the Ninth Circuit, this court was instructed that if it reached the merits

13   of Petitioner's claim it is to apply the then-existing Supreme Court precedent, *Ohio v. Roberts*,

14   448 U.S. 56 (1980).  *Roberts* and its progeny, *Idaho v. Wright*, 497 U.S. 805 (1990), governed

15   the admissibility of hearsay evidence in a criminal case under the Confrontation Clause at the

16   time of Petitioner's trial.  *Roberts* held that a hearsay statement is presumptively inadmissible

17   against a criminal defendant unless the declarant is unavailable and the statement bears "adequate

18   indicia of reliability"—that is, the statement falls within a "firmly rooted hearsay exception" or

19   contains "particularized guarantees of trustworthiness."  *Roberts*, 448 U.S. at 66 (internal

20   quotation marks omitted); *see Wright*, 497 U.S. at 815-16.  Particularized guarantees of

21   trustworthiness may be present if the totality of circumstances surrounding the statement

22   itself—without regard to corroborating evidence separate from the statement—indicate that the

23   statement is "so trustworthy that adversarial testing would add little to its reliability."  *Wright*,

24   497 U.S. at 821.

25   / / /

26   / / /

1        Applying these precedents, the Ninth Circuit, in *Parle v. Runnels*, 387 F.3d 1030, 1039-

2   41 (9th Cir. 2004), found it reasonable for a California appellate court to conclude that admitting

3   a hearsay statement under California Evidence Code section 1370 did not violate the

4   Confrontation Clause on a facial challenge, so long as the court did not rely on other evidence to

5   corroborate the truth of the statement. *See id.* at 1040 ("What the Supreme Court has 'clearly

6   established' is that the relevant circumstances in the Confrontation Clause analysis are limited to

7   'those that surround the making of the statement and that render the declarant particularly worthy

8   of belief.' The analysis excludes 'other evidence at trial that corroborates the truth of the

9   statement.' *Wright*, 497 U.S. at 819."). While circuit authority does not determine the clearly

10  established federal law for purposes of federal habeas relief under AEDPA, the Ninth Circuit's

11  conclusion in *Parle* on habeas review is persuasive. *See Clark v. Murphy*, 331 F.3d 1062, 1070

12  (9th Cir. 2003) ("While only the Supreme Court's precedents are binding . . . and only those

13  precedents need be reasonably applied, we may look for guidance to circuit precedents."). That

14  the Ninth Circuit found it reasonable to conclude statements admitted under section 1370 did not

15  violate the Confrontation Clause makes it difficult for Petitioner to show Supreme Court

16  precedent was unreasonably applied in his case.

17       The Supreme Court has "decline[d] to endorse a mechanical test for determining

18  'particularized guarantees of trustworthiness.'" *Wright*, 497 U.S. at 822 (citation omitted);

19  *Whelchel v. Washington*, 232 F.3d 1197, 1204 (9th Cir.2000) ("There is no mechanical test for

20  determining reliability nor a prescribed list of reliability elements" in the Confrontation Clause

21  analysis). Section 1370 requires that the statement be "made under circumstances that would

22  indicate its trustworthiness." Cal. Evid. Code § 1370(a)(4).[9] The statute indicates three factors

23  which a court may assess in determining the trustworthiness of the statement, including: (1)

24  "Whether the statement was made in contemplation of pending or anticipated litigation in which

25

26
_____

[9]        The full text of section 1370 is set forth above in footnote 5.

1   the declarant was interested"; (2) "[w]hether the declarant has a bias or motive for fabricating the

2   statement, and the extend of any bias or motive; and, (3) "[w]hether the statement is corroborated

3   by evidence other than statements that are admissible only pursuant to this section." *Id.* §

4   1370(b)(1)-(3).  Also, the statement must be made "at or near the time of the infliction or threat

5   of physical injury" and must be either in writing, electronically recorded, or made to a physician,

6   nurse, paramedic, or law enforcement official. *Id.* § 1370(a)(3).  Furthermore, the statute makes

7   clear that these are not the only relevant inquiries and that the court is free to use other factors it

8   finds relevant to determine the trustworthiness of the statement. *Id.* § 1370(b).  While the third

9   factor is impermissible to rely on under *Wright*, 497 U.S. at 819, this does not render the statute

10  facially unconstitutional and only unconstitutional as applied if the state court relies on this factor

11  in reaching its determination that the statement is trustworthy. *See Parle*, 387 F.3d at 1038 n. 4.

12  As the Ninth Circuit found in *Parle*, "[e]ven if the state court had, in fact, limited its analysis to

13  the statutory factors, it would not have unreasonably misapplied clearly established federal law,"

14  387 F.3d at 1040, because "courts have considerable leeway in their consideration of appropriate

15  factors." *Wright*, 497 U.S. at 820.  As such, it was reasonable for the California Court of Appeal

16  to determine that evidence admitted pursuant to section 1370 did not, per se, violate the

17  Confrontation Clause.[10]

18  / / /

19  / / /

20

---

21         [10]       To the extent that the Court of Appeal determined in both this case and in
    *Hernandez* that section 1370 does not violate the Confrontation Clause because it is similar to the
22  firmly rooted exception for a spontaneous statement, that determination is an unreasonable
    application of Supreme Court authority.  If the exceptions were truly similar, section 1370 would
23  be superfluous.  Statements admitted under section 1370 do not violate the Confrontation Clause,
    not because section 1370 is a firmly rooted hearsay exception, but because section 1370 requires
24  "particularized guarantees of trustworthiness." *Roberts*, 448 U.S. at 66 (internal quotation marks
    omitted); *see Wright*, 497 U.S. at 815-16; *see also People v. Kons*, 108 Cal. App. 3th 514, 523
25  (2003) (decided after Petitioner's trial and reaching the conclusion section 1370 was not similar
    to a spontaneous statement); *Parle*, 387 F.3d at 1037 (concluding section 1370 is not a "firmly
26  rooted hearsay exception").

1       Petitioner argues at length that the victim's statement in this case did not bear the indicia

2 of reliability required to make the statement admissible under the Confrontation Clause.

3 However, as previously determined, Petitioner waived such argument when he failed to call into

4 question the reliability of the statement at trial under either the Confrontation Clause or section

5 1370.  Indeed, his trial counsel admitted the statement was admissible under section 1370, thus

6 admitting that it was trustworthy, but argued that the statement was irrelevant and prejudicial.[11]

7 As such, this court will not address the merits of Petitioner's Confrontation Clause claim on this

8 ground.

9       Lastly, and in the alternative, while the argument in this case centers around the reliability

10 of the statement as required by *Roberts*, another avenue exists by which the state could have

11 admitted the victim's statement regardless of whether it bears the indicia of reliability required by

12 *Roberts*.  In *Reynolds v. United States*, 98 U.S. 145,158 (1879), the Supreme Court determined

13 that introduction of an out of court statement by a declarant that was made unavailable by the

14 defendant's acts did not violate the Confrontation Clause.  "The Constitution does not guarantee

15 an accused person against the legitimate consequences of his own wrongful acts.  It grants him

16 the privilege of being confronted with the witnesses against him; but if he voluntarily keeps the

17 witnesses away, he cannot insist on his privilege."  *Id.*  While the reasoning of *Reynolds* laid

18 dormant for over a century until it was resurrected in *Crawford v. Washington*, 541 U.S. at 62, it

19 was never explicitly overruled and a state evidentiary rule would not have been unreasonable if it

---

[11]    Petitioner's counsel stated:

Well, I think I've pretty much summed up my argument, your Honor, why I believe the officer should not be able to testify [as to the statement], even though 1370 does most likely allow her statement, hearsay statement, in through the officer.  Those portions do not appear to be relevant.  And I base it on relevancy as well as [that its prejudice substantially outweighs its probative value].  I'm asking the Court for an order.

Rep.'s Tr. at 45.

1  admitted statements of an unavailable declarant where the declarant's unavailability was caused

2  by the defendant.  In the present case, Petitioner did not dispute that he killed the victim but

3  argued that he did so under a heat of passion.  As such, there was no question that he was the

4  cause of the declarant's unavailability.

5       For the foregoing reasons, Petitioner's petition for habeas corpus should be denied.

6                              V.  CONCLUSION

7       For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that the petition for

8  writ of habeas corpus be DENIED.

9       These findings and recommendations are submitted to the United States District Judge

10  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

11  after being served with these findings and recommendations, any party may file written objections

12  with the court and serve a copy on all parties.  Such a document should be captioned "Objections

13  to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be

14  served and filed within seven days after service of the objections.  The parties are advised that

15  failure to file objections within the specified time may waive the right to appeal the District

16  Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In any objections he elects to file,

17  Petitioner may address whether a certificate of appealability should issue in the event he elects to

18  file an appeal from the judgment in this case.  *See* Rule 11, Federal Rules Governing Section 2254

19  Cases (the district court must issue or deny a certificate of appealability when it enters a final

20  order adverse to the applicant).

21  DATED:  August 16, 2011

22

23

24

25       TIMOTHY J BOMMER
          UNITED STATES MAGISTRATE JUDGE

26